The judgment of the court was pronounced by
Rost, J.
This is an appeal from a judgment rendered on the oppositions to the account filed by the executor of Caroline Trouard, wife of Michel Peny.
The parties all concede that the judgment must be reversed; and the only question upon which they have not agreed is, whether the opponent Mrs. Lefebvre is entitled to an alimony, under the following clause of the will of the testatrix. “ Je recommande a mon mari cette pauvre Justine, dont la grande misero fait pitié, de lui donner de temps h autre quelqu-e petit seeours; en le faisant, il pensern vt moi.”
If this can be viewed as a testamentary disposition, it is a legacy to Mme. Lefebvre of some little assistance to be given now and then; and as neither the time of payment nor the amount or thing given are specified, it is too uncertain to be enforced at law, and is purely a matter of conscience with the usufructuary, whose moral duty it is to comply with the wishes of his wife in proportion to the advantage which he derives from her succession.
Art. 1633 C. C. authorizes the legacy of an indeterminate thing. But to sustain such a legacy, it is necessary that the thing given be determined by the class to which it belongs, or by measure or number. Thus the legacy of a horse is good; but the legacy of an animal would bo void for uncertainty. A legacy of grain, or wine, without any other qualification, would also be void, because the heir could liberate himself by giving a grain of corn or a drop of wine. 9 Duranton, No. 240. Rolland de Villargues, verbo, Legs. No. 88. So in the present case, Michel Peny could liberate himself by occasionally giving the legatee the smallest possible assistance. All such cases are considered as properly coming within the rule de minimis.
We are of opinion, that the claim of Mrs. Lefebvre for alimony cannot be sustained.
It is admitted, that Michel Peny has paid community debts to the amount of $443 41; that he is a creditor of the succession in his own right for the sum of $279; and that the executor has still in his hands $688 14 of his share in the assets of the community. It is also admitted, that the share accruing to Mrs. Lefebvre, after the death of Michel Peny, is $1730 58 ; of which Michel Peny has the usufruct, and which he is entitled to receive upon giving bond as required by law. It is finally admitted that the executor is not bound to account for the property of the succession situated in France.
The premises considered, it is ordered, that judgment in this case be reversed, so far as the parties to the appeal are concerned. It is further ordered, that the claim of the opponent, Mrs. Lefebvre, for alimony be disallowed. It is further ordered, that the account filed in this case be amended so as to conform with the foregoing opinion, and that the executor pay over to Michel Peny, the surviving *391 husband of the testatrix, his claim against the succession, the amount paid by him for c'oífímúnity debts, and the remainder of his share in the assets of the community, amounting Éogéíhéf* to fhe sum of $1410 55. It is further ordered, that the executor pay over to the opponent, ItIré. Lcfebvre, $73 50, for the proceeds of movable property belonging to her, and sold through error by the executor'. It is further ordered, that the portion of the coiriiniiiiity accruing to Mrs. Lefaivre be fixed at $1730 58; and that, upon giving bond and security as required by acts. 551, 552, C. C., Michel Peny receive this sum from the executor as usufructuary. It is farther ordered, that the costs in both courts be paid by the succe'ssióif/